UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BORDELON MARINE, LLC**  CIVIL ACTION

**VERSUS**  No. 16-1106

**BIBBY SUBSEA ROV, LLC**  SECTION I

## ORDER AND REASONS

Bordelon Marine ("Bordelon") filed suit against Bibby Subsea ("Bibby") in Louisiana state court last fall. Bordelon's suit sought to collect on, among other things, unpaid services that Bordelon had provided Bibby in relation to the M/V SHELIA BORDELON. The complaint alleges that invoice 15-58 is due for those services.[1] The truth of the factual statements in the complaint was verified by Wesley D. Bordelon, the President of Bordelon Marine.[2]

Bibby removed the case to federal court, and moved to stay the matter pending arbitration.[3] This Court subsequently compelled arbitration.[4] This Court's order noted that the parties had agreed to arbitrate "any dispute arising out of *or in connection with*" Bibby's charter of the SHELIA BORDELON, and that Bordelon had not raised a "cogent argument" that the state court lawsuit involving, among other

---

[1] Invoice 15-58 is for "the services of the M/V Wes Bordelon utilized to deliver approximately 68,000 gals of potable water to the M/V Shelia Bordelon." R. Doc. No. 31-2, at 11.
[2] R. Doc. No. 1-1, at 8.
[3] R. Doc. No. 11.
[4] R. Doc. No. 27, at 19.

invoices, invoice 15-58, did not "have a significant relationship" with the SHELIA BORDELON's charter.[5]

Notwithstanding this Court's order compelling arbitration, Bordelon recently filed a second collection lawsuit in Louisiana state court to attempt to collect on invoice 15-58. Bibby now moves[6] to enjoin Bordelon's recently filed state court proceedings, as well as for sanctions. Since Bibby filed its motion, the arbitration regarding the SHELIA BORDELON has concluded because Bordelon failed to file any claims in the arbitration.[7]

For the following reasons, the Court finds that Bordelon violated its order compelling arbitration, but defers the question of sanctions until after a show cause hearing.

## I.

Bordelon's recent lawsuit violated this Court's prior order compelling arbitration. Its arguments to the contrary are both irrelevant and incredible.

First, having previously alleged, in a complaint verified by its president, no less, that invoice 15-58 relates to services provided "in relation to the M/V SHELIA BORDELON,"[8] Bordelon cannot now abandon those allegations and claim that somehow invoice 15-58 was not a part of the dispute that this Court previously compelled to arbitration. *See, e.g., McCreary v. Richardson*, 738 F.3d 651, 659 n.5

---

[5] R. Doc. No. 27, at 18-19. The order, however, did not explicitly mention invoice 15-58.
[6] R. Doc. No. 31.
[7] R. Doc. No. 41-1, at 1.
[8] R. Doc. No. 1-1, at 3.

2

(5th Cir. 2013) (explaining the general principle that "factual statements in the pleadings constitute binding judicial admissions"). Accordingly, Bordelon's contention that invoice 15-58 is distinct from the SHELIA BORDELON lawsuit comes too late in the case to matter given that Bordelon included allegations relating to invoice 15-58 in its complaint. Thus, this Court need not even consider Bordelon's jury-rigged explanation as to why invoice 15-58 was not part of the dispute over the SHELIA BORDELON in order to conclude that Bordelon violated this Court's prior order.

Second, even if this Court were to consider Bordelon's explanation, Bordelon's newfound account of the parties' contractual relationship cannot withstand any degree of scrutiny. Until at least March 2016, Bordelon appears to have been still claiming that invoice 15-58 related to the dispute regarding the SHELIA BORDELON. As Bordelon's lead counsel noted in a March 2016 letter to Bibby's counsel,

> As to the dispute over the M/V SHELIA BORDELON, we have been advised only one dispute remains. Enclosed herewith is a copy of Bordelon's invoice #15-58 . . . which reflects a . . . charge for the M/V WES BORDELON delivering approximately 68,000 gallons of potable water to the M/V SHELIA BORDELON, while it was under charter to Bibby. Please also note that the invoice was issued on net thirty (30) terms and was due on July 23, 2015. Through March, Bibby has incurred $480.00 in interest. Therefore, the total settlement of all claims relating to the M/V SHELIA BORDELON would require payment of at least $4,480.00.[9]

So it appears as though Bordelon did not start to create the false narrative that invoice 15-58 "has nothing to do with the . . . charter agreement . . . pertaining to the

---

[9] R. Doc. No. 38-1, at 3.

3

SHELIA BORDELON"[10] until after this Court compelled Bordelon to arbitration in July 2016.[11] In addition, the additional evidence submitted in support of Bordelon's motion belies Bordelon's assertion that the dispute over invoice 15-58 is entirely unrelated to the dispute over the SHELIA BORDELON.[12]

Third, the Court's conclusion on this point is unchanged by the fact that the arbitration panel has since dismissed the arbitration because Bordelon did not submit a claim in the arbitration. Bordelon's self-serving failure to raise invoice 15-58 in arbitration is not compelling evidence that the invoice was not part of the parties' dispute regarding the SHELIA BORDELON charter. After all, the picayune value of the invoice—which does not appear to exceed the jurisdictional maximum for *small claims court* in Orleans Parish—is dwarfed by the significant strategic value of maintaining parallel state court litigation given the parties' broader dispute. And, in any case, the arbitration panel's ultimate dismissal cannot exonerate Bordelon's *prior* choice to file parallel state court litigation in violation of this Court's order.

The arbitration agreement that this Court enforced required arbitration of "any dispute arising out of *or in connection with*" the charter of the SHELIA BORDELON.[13] Given both Bordelon's original verified complaint and the evidence submitted in support of this motion, it is incontrovertible that the dispute over invoice

---

[10] R. Doc. No. 31-2, at 20 (August 26, 2016 letter from Bordelon's counsel).
[11] R. Doc. No. 27.
[12] For example, the subject line on the email Bordelon attached discussing invoice 15-58 was "settlement of accounts related to M/V Shelia Bordelon". *See* R. Doc. No. 36-5, at 5-6.
[13] R. Doc. No. 27, at 18.

15-58 is substantially related to the charter of the SHELIA BORDELON and is part of the dispute that this Court compelled to arbitration. Thus, Bordelon's recent state court collection lawsuit attempting to collect on invoice 15-58 violated this Court's prior order compelling arbitration, and the only question is the proper remedy.

## II.

The conduct of both Bordelon Marine and its counsel in this matter has been unacceptable. To the extent that Bordelon wished to challenge this Court's order compelling arbitration, it should have sought a stay of this Court's order compelling arbitration pending its ongoing appeal to the Fifth Circuit. Instead, Bordelon has attempted to circumvent an order of the Court through the filing of a vexatious lawsuit (or at the very least a premature one). Further, in opposing Bibby's attempts to enjoin Bordelon's latest lawsuit, Bordelon's counsel appears to have (1) filed meritless papers in this Court for the "improper purpose[s]" of harassment, causing unnecessary delay, and increasing the cost of litigation, Fed. R. Civ. P. 11(b)(1), as well as (2) supported those meritless papers with "factual contentions" that lack "evidentiary support" and are self-contradictory, Fed. R. Civ. P. 11(b)(4).

That course of behavior not only wastes the resources of this Court, the Louisiana state courts, and the parties, but it also seriously damages the professional reputation of Bordelon in a district where it is a repeat litigant. Furthermore, the Court cannot help but note that, by this point, counsel for Bordelon has what amounts to his own personal sanctions jurisprudence in this district. *See, e.g.*, *Tajonera v. Black Elk Energy Offshore Operations*, No. 13-366, 2015 WL 9311968, at *8 (E.D. La.

2015) (Brown, J), *aff'g* No. 13-366, Dkt. 714 (E.D. La. 2015) (North, M.J.); *Howard v. Offshore Lifeboats, LLC*, 2015 WL 3796458, at *3 (E.D. La. 2015) (Morgan, J.), *aff'g* 2015 WL 965976, at *11-12 (E.D. La. 2015) (North, M.J.); *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, No. 12-2071, 2014 WL 2155242, at *3 (E.D. La. 2014) (Vance, C.J.), *aff'g* No. 12-2071, Dkt. 166 (E.D. La. 2014) (Wilkinson, M.J.); *Bordelon Marine, Inc. v. F/V KENNY BOY*, No. 09-3209, 2011 WL 164636, at *6 (E.D. La. 2011) (Knowles, M.J.); *Landers v. Kevin Gros Offshore, L.L.C.*, 2009 WL 2046587, at *4 (E.D. La. 2009) (Shushan, M.J.); *cf. Lytal Enters., Inc. v. Newfield Exploration Co.*, 2006 WL 3366128, at *4-5 (E.D. La. 2006) (Wilkinson, M.J.) (sanctioning client).

There will be consequences for Bordelon's conduct. However, as the Court is contemplating potentially significant monetary and non-monetary sanctions, the Court wishes to hear the explanation for Bordelon's conduct in-person before acting. In addition, the Court recognizes that the conclusion of the arbitration may affect the proper remedy. Thus, the Court will defer the determination of the proper remedy for Bordelon's conduct until after a show cause hearing.

### III.

Accordingly,

**IT IS ORDERED** that this matter is **REOPENED.**

**IT IS FURTHER ORDERED** that, on **November 30, 2016 at 8:30 AM**, Bordelon Marine, Reich, Album, & Plunkett, and Robert S. Reich are ordered to appear before this Court to **SHOW CAUSE** as to why they should not be sanctioned under Rule 11 or any other applicable statutory or inherent power of this Court for

the course of conduct outlined in this order as well as their violation of this Court's order compelling arbitration.  In addition, they should be prepared to discuss (1) whether this Court's ability to award monetary sanctions is limited to (i) Bibby Subsea's costs in bringing this motion and opposing the state court collection suit, or (ii) whether this Court can impose additional sanctions to deter future non-compliance with court orders; (2) whether any sanctions awarded should run against (i) Bordelon Marine, (ii) Reich, Album & Plunkett, or (iii) Mr. Reich personally, *see* Fed. R. Civ. P. 11(c)(1) ("Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."); and (3) what non-monetary sanctions would be appropriate in addition to monetary sanctions, including, but not limited to, additional mandatory CLE classes and/or referral to the Lawyers' Disciplinary Committee for the Eastern District of Louisiana for possible reprimand or suspension.[14]

**IT IS FURTHER ORDERED** that declarant **Wesley Bordelon** attend the show cause hearing in person.

**IT IS FURTHER ORDERED** that Bibby Subsea's pre-hearing brief is due **October 26, 2016**. Bibby's brief should address (i) the propriety, given the apparent conclusion of the arbitration, of enjoining the state court under the Anti-Injunction Act and the traditional factors governing the award of equitable relief, (ii) the sanctions that this Court can theoretically award against either Bordelon Marine or

---

[14] The Court notes that, should the Court decide to impose sanctions, Bordelon and Mr. Reich may have a conflict of interest at the hearing.

Mr. Reich, and (iii) the proper sanctions in this case.  Bibby's brief shall not exceed fifteen pages.  Bibby's brief should be accompanied by evidence of Bibby's costs and fees for (i) bringing this motion and (ii) opposing the recently filed state court litigation attempting to collect on invoice 15-58.

**IT IS FURTHER ORDERED** that Bordelon's response to Bibby's pre-hearing brief is due **November 4, 2016**. Bordelon's brief shall not exceed fifteen pages.

**IT IS FURTHER ORDERED** that any pre-hearing brief filed on behalf of Mr. Reich is due **November 4, 2016.**  The brief shall not exceed ten pages.

**IT IS FURTHER ORDERED** that any pre-hearing brief by Reich, Album, & Plunkett is due **November 4, 2016.**  The brief shall not exceed five pages.

**IT IS FURTHER ORDERED** that, should Bibby wish to file a reply, Bibby's reply to all briefs is due **November 11, 2016.**  The reply brief shall not exceed 15 pages.

New Orleans, Louisiana, October 17, 2016.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**