UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BORDELON MARINE, LLC**                                  **CIVIL ACTION**

**VERSUS**                                                        **No. 16-1106**

**BIBBY SUBSEA ROV, LLC**                                **SECTION I**

### ORDER AND REASONS

In a previous order, this Court found that Bordelon Marine, LLC ("Bordelon") and its counsel, Robert S. Reich, violated this Court's order[1] compelling arbitration of Bordelon's dispute with Bibby Subsea ROV, LLC ("Bibby") by filing a state court lawsuit concerning an issue that this Court ordered arbitrated.[2]  This Court set a show cause hearing to determine the appropriate sanction.

At the hearing, Mr. Reich admitted that the lawsuit he filed on behalf of Bordelon violated the order compelling arbitration.  Mr. Reich further admitted that his conduct was in reckless violation of his duty to this Court to obey court orders, and that his conduct constituted a violation of 28 U.S.C. § 1927 as it unnecessarily multiplied the proceedings.  *See, e.g.*, *Cambridge Toxicology Grp., Inc. v. Exincios*, 495 F.3d 169, 180 (5th Cir. 2007) (noting that a "reckless disregard of the duty owed to the Court" can be a basis for awarding sanctions under Section 1927).  Mr. Reich voluntarily agreed to pay Bibby $16,000, not to be paid from Bordelon funds, to compensate Bibby for its costs related to the unnecessary and unlawful collateral

---

[1] R. Doc. No. 27.
[2] R. Doc. No. 42.

lawsuit. He additionally agreed that the sanction would be unconditional, and that the payment would not be revisited even if Bordelon prevailed in its pending appeal before the Fifth Circuit.

This Court's frustrations with Mr. Reich's conduct and his tardy acceptance of responsibility have been aired enough already. The Court will therefore close by focusing on the positive. If there can be any good from this Court spending two months over a picayune four thousand dollar invoice, perhaps it will be that the utter ridiculousness of spending so much time and effort on seemingly so little of a matter will cause everyone to critically examine their litigation tactics in light of their strategic goals. Thankfully, the first signs of that occurring have already appeared: the parties have agreed to narrow the existing number of judicial proceedings, stop the yet further expansion of the dispute, and pursue a mediation. Thus, the Court is optimistic that a dispute that was quickly turning into the *Jarndyce v. Jarndyce* of charter boat operations will be resolved on reasonable commercial terms, and that the parties can return to focusing on what they do best—ship building, subsea construction, and maritime operations—not endless litigation.

Accordingly,

**IT IS HEREBY ORDERED** that, as a result of his violation of 28 U.S.C. § 1927, Robert S. Reich shall pay to Bibby the sum of $16,000 within thirty days of this order. That sum compensates Bibby for the reckless and unnecessary multiplication of the proceedings. Bibby will also receive a $4000 credit that will be treated as the full and final payment for Invoice #15-58 BMI, issued by Bordelon in the amount of

$4,000, for the delivery of water by the M/V WES BORDELON to the M/V SHELIA BORDELON.

**IT IS FURTHER ORDERED** that the petition on open account filed in Terrebonne Parish by Bordelon on September 7, 2016, bearing Civil Action No. 177987, shall be dismissed by Bordelon with prejudice.

**IT IS FURTHER ORDERED** that Bordelon and Bibby shall attempt to schedule a mediation of the claims currently pending in the arbitration proceeding, as well as the claims that are the subject of the Texas lawsuit, to take place on or before December 30, 2016.

**IT IS FURTHER ORDERED** that Bordelon shall not initiate any other legal proceedings, in federal court, state court or otherwise, arising in any way out of the dispute with Bibby (or any related or affiliated parties) in connection with the M/V BRANDON BORDELON, the M/V SHELIA BORDELON or the M/V WES BORDELON, except for the claims that are currently pending in the arbitration proceeding and the claims which are the subject of the Texas lawsuit.

New Orleans, Louisiana, December 6, 2016.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE