UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BORDELON MARINE, LLC                                    CIVIL ACTION

VERSUS                                                            No. 16-1106

BIBBY SUBSEA ROV, LLC                                   SECTION I

ORDER AND REASONS

*Bordelon v. Bibby* drones on.  In the latest iteration of the parties' procedural

jockeying, Bibby Subsea ROV, LLC ("Bibby Subsea") asks this Court to reopen[1] this

matter and order[2] Bordelon Marine, LLC ("Bordelon") to arbitrate (in Texas) claims

raised in a Texas lawsuit Bordelon filed against various affiliates of Bibby Subsea as

well as employees and directors of those various affiliates ("the Bibby affiliate

defendants").  Bibby Subsea is *not* a defendant in the Texas action, which presently

alleges that the Bibby affiliate defendants committed common law fraud and

conspiracy to commit common law fraud during the construction of the M/V

BRANDON BORDELON.  *See Bordelon Marine, L.L.C. v. Bibby Line Grp. Ltd.*, No.

3:16-282, Dkt. 6.

Even though the Bibby affiliate defendants are not parties to *this* lawsuit (the

"Louisiana action")[3] and Bibby Subsea is not a party to the Texas action, Bibby

---

[1] R. Doc. No. 74.

[2] R. Doc. No. 54.

[3] The Louisiana action originally sought compensation for the breach of *two* contracts
between Bordelon and Bibby.  The first dispute—now settled (R. Doc. No. 67, at 2-
3)—concerned Bordelon's allegation that Bibby Subsea failed to pay certain invoices
related to the SHELIA BORDELON.  R. Doc. No. 1-1, at 2-3 ¶¶ III-VII (emphasis

Subsea argues that it is entitled to assert both its own and the Bibby affiliate

defendants' third-party rights to assert Bibby Subsea's rights under the arbitration

clause in the BRANDON BORDELON charter party agreement.  But Bibby Subsea

does not convince this Court that it is appropriate for this Court to order the

arbitration of the Texas dispute in Texas.

## I.

Under Section 4 of the Federal Arbitration Act,

> A party aggrieved by the alleged failure, neglect, or refusal of another to
> arbitrate under a written agreement for arbitration may petition any United
> States district court which, save for such agreement, would have jurisdiction
> under Title 28, in a civil action or in admiralty of the subject matter of a suit
> arising out of the controversy between the parties, for an order directing that
> such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.  Section 4 further explains that, after receiving such a request, "the court

shall hear the parties, and upon being satisfied that the making of the agreement for

arbitration or the failure to comply therewith is not in issue, the court shall make an

order directing the parties to proceed to arbitration in accordance with the terms of

the agreement."   Finally, Section 4 requires that "[t]he hearing and proceedings,

under such agreement, shall be within the district in which the petition for an order

directing such arbitration is filed."[4]

---

added).   The second dispute concerned Bordelon's allegation that Bibby Subsea
breached an agreement to "pay" Bordelon a daily rate for the use of "property owned
by" Bordelon.  R. Doc. No. 1-1, at 3 ¶ 13.  (The somewhat-vague reference to "property
owned" by Bordelon refers to the BRANDON BORDELON.  R. Doc. No. 27, at 2 n.5.)
[4] Bibby Subsea also moves for a stay pending arbitration under 9 U.S.C. § 3.
However, Section 3 only permits the Court "in which such suit *is pending*," 9 U.S.C.
§ 3 (emphasis added) to stay an action pending arbitration.  As the Texas action is
not pending before this Court, Section 3 of the Federal Arbitration Act does not

As the Fifth Circuit has explained, Section 4 "facially mandates that two conditions must be met before a district court may compel arbitration: (1) that the arbitration be held in the district in which the court sits; and (2) that the arbitration be held in accordance with the agreement of the parties." *National Iranian Oil Co. v. Ashland Oil, Inc.*, 817 F.2d 326, 331 (5th Cir. 1987).  Given that the arbitration agreement that Bibby Subsea is seeking to enforce requires that the arbitration occur in Texas, *see* R. Doc. No. 54-2, at 38, this Court lacks the authority to order the Texas arbitration Bibby Subsea seeks,  *see, e.g., Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 997 (7th Cir. 2011) ("[I]f an arbitration clause contains a choice of venue provision, only a court within the same district of that venue can enter an order compelling arbitration.").

This Court acknowledges that it previously ordered Bordelon and Bibby Subsea to arbitrate the Louisiana action in Texas. *See* R. Doc. No. 27.  But it only did so based upon the Fifth Circuit's rule that "where the party seeking to avoid arbitration brings a suit . . . in a district other than that in which arbitration is to take place under the contract," such as Bordelon did in this matter, "the party seeking arbitration may assert its Section 4 right to have the arbitration agreement performed in accordance with the terms of the agreement." *Dupuy-Busching Gen. Agency, Inc. v. Ambassador Ins. Co.*, 524 F.2d 1275, 1278 (5th Cir. 1975).

---

empower this Court to issue the stay Bibby Subsea seeks. Therefore, Bibby Subsea must justify a stay of the Texas action pending arbitration under the more demanding standard for obtaining relief under the All Writs Act—a standard which, *see infra* Part II, Bibby Subsea cannot meet.

Under the Fifth Circuit's rule in *Dupuy*, a party waives the right to object to the venue of the Court ordering arbitration "[b]y bringing suit in a district other than the districts designated in the forum selection clause." *National Iranian Oil Co.*, 817 F.2d at 331. But Bordelon did not file the Texas action in Louisiana. It filed it in Texas. Thus, the *Dupuy* waiver rule does not apply to the Texas action. *See, e.g.*, *id.* (explaining that "there has been no [*Dupuy*] waiver" because the party did not file the lawsuit "in a district other than the districts designated in the forum selection clause").

This Court declines Bibby Subsea's additional invitation to yet further expand *Dupuy*'s waiver principle. Though *Dupuy* takes a less-than-literal reading of the Federal Arbitration Act, the Court does not believe *Dupuy* licenses this Court to take *no* heed of the statutory text. Such an argument is not only belied by the Fifth Circuit's refusal in *National Iranian Oil Co.* to countenance an anything-goes approach, but it is also seemingly contrary to the traditional rules of statutory interpretation.

After all, the drafters of the Federal Arbitration Act knew full-well how to draft permissive venue provisions. *See, e.g.*, 9 U.S.C. §§ 9-11; *see also Cortez Byrd Chips, Inc. v. Bill Habert Constr. Co.*, 529 U.S. 193, 204 (2000). Section 4 itself uses such language when describing the courts in which a party may petition for an order compelling arbitration. *See, e.g.*, 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such

agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement."). But the drafters of the Federal Arbitration Act did not use such permissive language when indicating the *judicial districts* in which a court may order arbitration. Instead, the drafters used mandatory language: "The hearing and proceedings, under such agreement, *shall* be within the district in which the petition for an order directing such arbitration is filed." *See id.* (emphasis added). Therefore, under the rules of statutory interpretation, Section 4's use of the term "shall" should be seen as imposing a mandatory rule that a court may only order arbitration to occur in the district in which the court sits. *See Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1977 (2016) ("When a statute distinguishes between 'may' and 'shall,' it is generally clear that 'shall' imposes a mandatory duty."). *But see Cortez*, 529 U.S. at 200 ("The answer is not to be had from comparing phrases.").[5]

Accordingly, although this Court is bound to follow *Dupuy*, the plain language of the Federal Arbitration Act and the rules of statutory interpretation caution against awarding the relief that Bibby Subsea seeks here. This Court will not significantly enlarge *Dupuy*'s seemingly limited exception to Section 4's otherwise mandatory rule that a Court may only order arbitration in the district in which it

---

[5] *See also Chan v. Korean Air Lines, Ltd.*, 490 U.S. 122, 132-33 (1989) ("[G]iven the parallel structures of these provisions it would be a flouting of the text to imply . . . a sanction not only withheld there but explicitly granted elsewhere. When such an interpretation is allowed, the art of draftsmanship will have become obsolete.").

sits.  The Court concludes that Section 4 denies this Court the statutory authority to compel arbitration of the Texas dispute in Texas.[6]

## II.

Because the Federal Arbitration Act does not provide a basis for the order that Bibby Subsea seeks, this Court next examines whether the All Writs Act can serve as an alternative ground.   The All Writs Act empowers courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174 (1977) (citations omitted).   That "authority, though, is firmly circumscribed, its scope depending on the nature of the case before the court and the legitimacy of the ends sought to be achieved through the exercise of the power." *Netsphere, Inc. v. Barron*, 703 F.3d 296, 307 (5th Cir. 2012) (internal quotation marks omitted).

---

[6] Bibby Subsea purports to bring the Section 4 claim on behalf of itself as well as the Bibby affiliate defendants.  The Court notes doubts as to whether Bibby Subsea may bring a Section 4 claim on behalf of the Bibby affiliate defendants.  *See, e.g.*, *Kawasaki*, 660 F.3d at 999 (explaining that a party does not have standing to assert third parties' right to arbitrate).  Nonetheless, in light of this Court's conclusion that it lacks the statutory authority to issue the order that Bibby Subsea seeks, the Court need not definitively resolve the issue.

Bibby Subsea argues that an order either compelling arbitration or staying the Texas action is necessary to prevent the frustration of this Court's prior order compelling arbitration of the Louisiana action between Bibby Subsea and Bordelon. The Court disagrees.

According to the Fifth Circuit, "[t]hree elements must be satisfied for the district court to act pursuant" to the All Writs Act, "and the burden of establishing them" is on the party seeking an injunction. *Moore v. Tangipahoa Parish Sch. Bd.*, 507 F. App'x 389, 397 (5th Cir. 2013). Bibby Subsea does not carry that burden.

First, "the party seeking" the order "must have no other adequate means to attain the relief he desires." *Id.* (internal quotation marks omitted). But Bibby Subsea as well as the Bibby affiliate defendants have a more than adequate means to obtain the relief they seek: filing a motion to compel or stay arbitration in the Texas action. Therefore, the All Writs Act does not authorize this Court to issue the order Bibby Subsea seeks: "When alternative means of relief are available, the court should not issue a writ." *Id.* [7]

---

[7] Bibby Subsea argues that the Bibby affiliate defendants are hindered in seeking relief in Texas because the Texas courts may not have personal jurisdiction over the Bibby affiliate defendants. *See* R. Doc. No. 75. This Court rejects that suggestion. Objections regarding personal jurisdiction may be waived. *See, e.g.*, *Ins. Corp. of Ire., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."). Therefore, the only "hindrance" to the Bibby affiliate defendants petitioning for relief in Texas is their own unwillingness to appear. That does not constitute a legitimate obstacle under the All Writs Act. *Cf. Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 ("Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.").

Second, the party requesting the order must show that the party's "right to issuance of the writ is clear and indisputable." *Id* (internal quotation marks omitted). A party may show a clear and indisputable right to an order under the All Writs Act by, for example, demonstrating "a direct affront to a district court's [prior] order." *Id.* But Bibby Subsea demonstrates no such direct affront here. This Court's prior order compelled arbitration of "the claims raised in Bordelon's state-court petition" (*i.e.*, the Louisiana action). R. Doc. No. 27, at 19. The claims raised in the Texas action—while certainly overlapping in some regards—are not identical to the claims raised in the Louisiana action that this Court previously compelled to arbitration. Nor do the Texas claims threaten to divest this Court of jurisdiction over the Louisiana action. Therefore, the filing of the Texas action is not a "direct affront" to this Court's order compelling arbitration—indeed, the filing of the Texas is not even necessarily a clear violation of it. Without being able to demonstrate a clear violation of this Court's prior order compelling arbitration, Bibby Subsea cannot demonstrate the necessary "clear and indisputable" right to a remedy. *See, e.g.*, *Wis. Right to Life, Inc. v. FEC*, 542 U.S. 1305, 1306 (Rehnquist, Circuit Justice 2004).

Because Bibby Subsea can demonstrate neither of the first two prerequisites for obtaining relief under the All Writs Act, this Court need not consider the third factor: whether the order is "appropriate under the circumstances." *Moore*, 507 F. App'x at 398 (internal quotation marks omitted). The Court denies Bibby Subsea's request for an order pursuant to the All Writs Act either (1) compelling arbitration of the Texas action or (2) staying the Texas action.

**III.**

Finally, Bibby Subsea asks this Court to invoke the first-to-file rule and order that the Texas action be either compelled to arbitration or dismissed, stayed, or transferred.  The Court sees at least two problems with Bibby Subsea's request.

In the first place, Bibby Subsea and the Bibby affiliate defendants are moving too fast.  Under the first-to-file rule, the Bibby affiliate defendants are supposed to move in the second court for the second court to dismiss, stay, or transfer the action. *Cf. W. Gulf Maritime Ass'n v. ILA Deep South Local 24*, 751 F.2d 721, 722 ("We hold that the district court [in which the second action was filed] should have dismissed or stayed the action or should have transferred it to the" court in which the related action was first filed).  Then, to the extent that the Bibby affiliate defendants disagree with the district court's ruling, that decision is ultimately reviewed by the Fifth Circuit—and not this Court—for an abuse of discretion. *See, e.g., Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (setting out standard of review).   Accordingly, this Court will not permit Bibby affiliate defendants to circumvent proper procedure and avoid appearing before the Texas judge under the guise of the first-to-file rule.

But even more importantly, the first-to-file rule does not permit this Court to disregard otherwise mandatory statutory language.  Where an issue "is controlled by statute," the "first to file rule must yield" regardless of "concerns about comity." *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (internal quotation marks omitted).

Here, absent a *Dupuy* waiver, the Federal Arbitration Act requires a judge to order arbitration in the district in which the judge sits.  Given that clear statutory command, the first-to-file rule cannot empower this Court to issue the relief—an order compelling arbitration of the Texas action in Texas—that Bibby Subsea seeks.[8] Therefore, Bibby Subsea's request that this Court utilize the first-to-file rule to compel arbitration is denied.

## IV.

The request for relief sought here is properly addressed to the U.S. District Judge presiding over the Texas action.  The Court expresses no view on whether the Texas action should be arbitrated.

Accordingly,

**IT IS ORDERED** that Bibby Subsea's motion to compel arbitration is **DENIED**.

**IT IS FURTHER ORDERED** that Bibby Subsea's motion to reopen is **DENIED**.

---

[8] Were the Texas action transferred to this Court, this Court *would* have the power to stay the action pending arbitration (assuming, of course, that the dispute is referable to arbitration).  *See* 9 U.S.C. § 3.  However, although "[i]n many cases . . . a § 3 stay is quite adequate to protect the right to arbitration," *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 27 (1983), the Court suspects that a mere § 3 stay would be inadequate here.  Given the parties' persistent inability to agree on the proper panel to arbitrate in front of—a dispute that is unlikely to go away regardless of the Fifth Circuit's resolution of the pending appeal concerning the proper panel to hear the Louisiana action (No. 16-30847 (5th Cir. 2016))—judicial efficiency favors maintaining this action in Texas so that the parties are before a tribunal with the ability to compel arbitration in Texas.

New Orleans, Louisiana, January 30, 2017.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**